# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:11cv45
[Criminal Case No. 1:09cr13-11]

| | |
|---|---|
| MICHAEL WARREN JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER and NOTICE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Respondent's Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 5].

In accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the Court advises the Petitioner, who is proceeding *pro se*, of the heavy burden that he carries in responding to the Respondent's Motion. In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the Petitioner must show that he has made sufficient factual allegations to support a cause of action which is recognized by law. See Ashcroft v. Iqbal, __ U.S.

\_\_, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that the Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C. § 2255.

In considering a motion to dismiss, a court need not accept a petitioner's legal conclusions drawn from the facts. Iqbal, 129 S.Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006)) (citation and internal quotation marks omitted).

Moreover, a court may take judicial notice of its own records and proceedings without converting a motion to dismiss to a motion for summary judgment. See e.g., Fed.R.Evid. 201; Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). The Petitioner is advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to the Respondent's Motion to Dismiss, such action may result in

the conversion of the Motion to Dismiss to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that the Petitioner has thirty (30) days from the entry of this Order to file his response, if any, to the Motion to Dismiss. Petitioner's failure to respond may result in the granting of the Respondent's Motion to Dismiss and the dismissal with prejudice of the Petitioner's Motion to Vacate.

Signed: June 14, 2011

Martin Reidinger
United States District Judge