**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00045-MR
[CRIMINAL CASE NO. 1:09-cr-00013-MR-11]**

| | | |
|---|---|---|
| **MICHAEL WARREN JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Doc. 1], as amended [Doc. 8]; Petitioner's Supplemental Motion to Vacate [Doc. 15]; Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 [Doc. 5]; and Respondent's Response to Supplemental Motion to Vacate [Doc. 18]. For the reasons that follow, the Court will grant Petitioner relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and will order that he be resentenced. In all other respects, Petitioner's motion is denied.

## I.    FACTUAL BACKGROUND

On February 17, 2009, a grand jury sitting in the Western District of North Carolina returned a two-count indictment charging Petitioner Michael Warren Johnson and fourteen others with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with the use of a communication facility in the commission of the drug trafficking conspiracy charged in Count One, in violation of 21 U.S.C. § 843.  [Criminal Case No. 1:09-cr-00013-MR-11, Doc. 12: Sealed Indictment].  On March 30, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851, giving notice of the Government's intent to use as a sentencing enhancement Petitioner's prior state court felony conviction for Possession of a Schedule II controlled substance (Cocaine) in Rutherford County Superior Court.  [Id., Doc. 157: Notice Pursuant to 21 U.S.C. § 851].  The prior felony doubled Petitioner's statutory mandatory minimum sentence from ten years of imprisonment to twenty years of imprisonment.  The Government concedes, however, that Petitioner could not have received a sentence of more than one year in prison for this his state court conviction under the North Carolina Structured Sentencing Act.  [See Doc. 18 at 4].

On May 1, 2009, Petitioner pled guilty to Count One pursuant to a written plea agreement. [Criminal Case No. 1:09-cr-00013-MR-11, Doc. 192: Plea Agreement; Doc. 209: Acceptance and Entry of Guilty Plea]. A probation officer subsequently prepared a Presentence Investigation Report ("PSR"), in which the probation officer determined that the crack cocaine attributable to Petitioner was between 50 and 150 grams, as agreed to in the plea agreement. [Id., Doc. 313 at ¶ 10: PSR]. Based thereon Petitioner's total offense level was 27, with a criminal history category of IV, and a guideline range of imprisonment of 100 to 125 months. [Id. at ¶ 78]. The PSR additionally noted that Petitioner had a prior felony conviction for Felony Possession of Cocaine, the same conviction underlying the § 851 Notice, thereby setting his statutory mandatory minimum sentence at 20 years. [Id. at ¶ 77]. Petitioner did not file any objections to the PSR.

On October 8, 2009, the Government filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). [Id., Doc. 388: Motion for Downward Departure]. The Government recommended a downward departure from 240 months of imprisonment to 168 months. On October 30, 2009, the Court granted the Government's motion by oral order. On the same day, the Court sentenced Petitioner to

168 months of imprisonment, with ten years of supervised release. [Id., Doc. 487 at 10; 13-14; Doc. 418: Judgment].

Petitioner appealed, and on July 16, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. See United States v. Johnson, 388 Fed. App'x 271 (4th Cir. 2010). Petitioner timely filed his Motion pursuant to 28 U.S.C. § 2255 on March 3, 2011. In his 2255 petition, Petitioner contends that (1) trial counsel rendered ineffective assistance by failing to file a motion to suppress and by failing to argue the sufficiency of the evidence; (2) trial counsel rendered ineffective assistance by failing to request a more favorable downward departure under U.S.S.G. § 5K1.1; (3) appellate counsel was ineffective for failing to argue on appeal the sufficiency of the evidence supporting Count One; and (4) appellate counsel was ineffective for failing to argue on appeal that the district court erred in sentencing him "under the enhanced sentencing provisions of 21 U.S.C. 841(b)(1)(A)." Finally, Petitioner contends that he should be re-sentenced under the new penalty provisions of the Fair Sentencing Act of 2010.

On March 23, 2011, this Court ordered the Government to respond to the motion to vacate. [Doc. 2]. On June 6, 2011, the Government filed an Answer to the Complaint, and a Motion to Dismiss, contending that

4

Petitioner's ineffective assistance of counsel claims were all without merit. [Docs. 4; 5]. Petitioner sought to amend his § 2255 petition on November 28, 2011, arguing that he was entitled to have his sentence vacated because the § 851 recidivist enhancement was invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). [Doc. 8]. On January 10, 2012, this Court allowed the amendment and ordered Respondent to file a brief in response to Petitioner's amendment to the § 2255 Motion to Vacate. [Doc. 9]. The Government filed a response on February 8, 2012, in which the Government argued that Petitioner was not entitled to relief as to his Simmons claim. [Doc. 10].

On February 27, 2013, Petitioner filed through counsel a Supplemental Motion to Vacate, seeking alternative relief under 28 U.S.C. § 2241 and the writs of error *coram nobis* and *audita querela*. [Doc. 15]. On March 6, 2013, this Court ordered the Government to respond to the Supplemental Motion to Vacate. [Doc. 16]. On May 7, 2013, the Government filed its Response. [Doc. 18]. In the Response, the Government now concedes that, under Simmons, Petitioner is entitled to be resentenced without application of the §851 sentencing enhancement.

## II.    STANDARD OF REVIEW

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

## III.  DISCUSSION

### A.  Trial Counsel's Failure to File a Motion to Suppress and/or Argue Insufficiency of the Evidence

Petitioner first contends that his trial counsel was ineffective for "failing to file a meritorious suppression motion and failing to raise and argue a meritorious suppression issue that the government failed to adduce evidence at pretrial procedure sufficient as a matter of law to charge and/or convict Petitioner of conspiracy to possess and distribute cocaine base." [Doc. 1-2 at 1, 5].

Petitioner's claim is without merit.  Petitioner's allegation is conclusory, as Petitioner does not identify any specific evidence that should have been suppressed, nor does Petitioner point to anything in the record showing why any motion to suppress would have been meritorious. Furthermore, as Respondent notes, Petitioner's responses at the Rule 11 hearing establish that he had discussed possible defenses with his attorney, that he did not wish to pursue any defenses or challenges to his case, and that he was entering his guilty plea knowingly and voluntarily. [Criminal Case No. 1:09-cr-00013-MR-11, Doc. 481 at 14; 17: Plea and Rule 11 Hrg. Tr.].  Finally, even if Petitioner could show that counsel's performance was deficient, which he has not, Petitioner has not shown "there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

As to the sufficiency of the evidence argument, Petitioner claims that the Government "has shown no factual basis that Petitioner agreed to conspire with others to distribute cocaine base" and that the record is "devoid of any conspiratorial conduct." [Doc. 1-2 at 8-9]. As support for his claim, Petitioner concedes that he had a buyer-seller relationship with one of his co-defendants Kenneth Foster, but he denies that he was part of any larger conspiracy. See [Id. at 9-10]. Plaintiff's claim is without merit. The Fourth Circuit has held that the requisite to act in concert often "contemplates and results in only a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). The fact that Petitioner had agreed with Foster to buy and sell crack cocaine and that Petitioner was clearly purchasing a distribution amount (between 50 and 150 grams of crack cocaine) establishes Petitioner's participation in the overall conspiracy, regardless of whether Petitioner knew of all of its aims and participants. Furthermore, a knowing and voluntary guilty plea constitutes an admission of the material elements of the crime, see

McCarthy v. United States, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, including the deprivation of constitutional rights which allegedly occurred before the entry of the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Indeed, a "guilty plea constitutes a waiver of all non-jurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (citation and internal quotation marks omitted). In sum, Petitioner's first ineffective assistance of counsel claim is without merit.

## B. Trial Counsel's Failure to Request a More Favorable Downward Departure under U.S.S.G. § 5K1.1

Petitioner next contends that his trial counsel was ineffective for failing to request a more favorable departure under U.S.S.G. § 5K1.1. Petitioner argues that "[h]ad counsel . . . done so, a possibility existed that the government and/or district court would have granted the 'more favorable' downward departure and sentenced Petitioner to a much lower sentence under the sentencing guidelines." [Doc. 1-2 at 15]. Petitioner's claim is without merit. First, in his plea agreement, Petitioner agreed that the United States retained "sole discretion" to determine whether Petitioner rendered substantial assistance and that "if the United States ma[de] a motion for reduction of sentence, the motion is not binding on the District Court. The Court will determine in its discretion whether to grant or deny

9

such motion and the extent of the reduction." [Criminal Case No. 1:09-cr-00013-MR-11, Doc. 192 at ¶ 25(e): Plea Agreement]. As noted, at Petitioner's sentencing hearing, the Government made a motion for downward departure, and the Court granted the motion, reducing Petitioner's sentence from 240 months to 168 months. Petitioner has produced nothing in his petition that tends to show that the Court would have departed any lower if defense counsel had argued for a greater departure. In fact, the Petitioner points to nothing in the record that might have served as a basis for the Court to have done so. Rather, the record shows that Petitioner understood that the Government decided whether to make a motion for downward departure, and that the Court decided in its sole discretion the extent of the departure. Finally, Petitioner ultimately received a more favorable sentence (168 months of imprisonment) than he agreed to in his plea agreement (at least twenty years). In sum, Petitioner has not shown ineffective assistance based on trial counsel's failure to move for more of a downward departure.

**C. Appellate Counsel's Failure to Argue on Appeal that there Was Insufficient Evidence of a Conspiracy**

Petitioner next contends that his appellate counsel rendered ineffective assistance of counsel by failing to argue on appeal that there was insufficient evidence of a conspiracy. This contention fails. As the

Court has already discussed, any challenge to the conspiracy charge would have failed, as there was ample evidence to form a basis for Petitioner's plea that he was a participant in the conspiracy. Furthermore, Petitioner's plea agreement waived his right to appeal his conviction on this basis and the Magistrate Judge sufficiently questioned Petitioner as to his appeal waiver at the Rule 11 hearing. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Finally, by knowingly and voluntarily pleading guilty, Petitioner admitted to the essential facts of the conspiracy charge. See McCarthy, 394 U.S. at 466-67. In sum, Petitioner has not shown ineffective assistance based on appellate counsel's failure to challenge the conspiracy conviction on Petitioner's appeal.

**D.    Appellate Counsel's Failure to Argue on Appeal that this Court Erred in Sentencing Petitioner under the Enhancement Provisions of 21 U.S.C. § 841(b)(1)(A)**

Petitioner also contends that appellate counsel was ineffective for failing to challenge the enhancement of Petitioner's sentence based on his prior state court drug felony conviction. [Doc. 1-3 at 14-15]. This argument is without merit. In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) only if that specific defendant could have received a sentence of more than one year in prison for the offense, overturning its earlier decisions in United

States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. The Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

Petitioner fails to show ineffective assistance of appellate counsel because at the time of Petitioner's sentencing, Harp and Jones were still good law. They were binding precedent. Thus, Petitioner's prior state court conviction qualified as a predicate felony for purposes of sentencing enhancement. Therefore, even if appellate counsel had raised a Simmons argument on appeal, Petitioner's Simmons claim would not have been successful. In sum, Petitioner has not shown ineffective assistance based on appellate counsel's failure to challenging Petitioner's sentence enhancement based on his prior state court conviction.

**E.   Petitioner's Contention that He is Entitled to Re-sentencing under the Fair Sentencing Act of 2010**

Petitioner also contends that he should retroactively receive the benefits of the Fair Sentencing Act even though he was sentenced before

the law's enactment.  Here, Petitioner was sentenced on October 30, 2009.

[Criminal Case No. 1:09-cr-00013-MR-11, Doc. 418: Judgment].  In the Fair

Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372,

which was signed into law on August 3, 2010, Congress increased the

quantity of crack cocaine necessary to trigger certain mandatory minimum

sentences in § 841.  The Fourth Circuit very recently held that the FSA

does not apply retroactively to defendants who were sentenced before the

date of enactment, see United States v. Black, No. 13-6228, 2013 WL

6354142, at **2-3 (4th Cir. Dec. 6, 2013), precluding Petitioner's claim for

relief.  Moreover, the Supreme Court recognized in Dorsey v. United

States, 132 S. Ct. 2321, 2335 (2012), that its holding created a new

disparity between pre-FSA offenders who were sentenced before August 3,

2010, and pre-FSA offenders who were sentenced after that date.  Dorsey,

132 S. Ct. at 2335.  The Court found that the disparity "reflect[ed] a line-

drawing effort [that] will exist whenever Congress enacts a new law

changing sentences" and that this new disparity "cannot make a critical

difference." Id.  Based on Black and Dorsey, Petitioner's FSA claim is

without merit.

**F.      Petitioner's Contention in his Amended Motion to Vacate that He is Entitled to Be Resentenced under <u>Simmons</u>**

Finally, in his amended motion to vacate, Petitioner contends that he is entitled to be resentenced without application of a sentence enhancement based on his prior state court conviction for felony possession of cocaine which, as the Government concedes, no longer qualifies as a predicate felony under <u>Simmons</u>.  Here, although the Court granted the Government's motion for downward departure and sentenced Petitioner below the otherwise 240-month statutory minimum sentence, the Government states that "there is a reasonable probability Petitioner's sentence would be lower if the Government and the Court had not begun the sentencing process at the 240-month mandatory minimum."  [Doc. 18 at 5].  The Government states that it "submits that Petitioner's sentence was a violation of the due process clause as established in <u>Hicks</u> [<u>v. Oklahoma</u>, 447 U.S. 343 (1980)] and, therefore, Petitioner is entitled to a new sentencing hearing."  [<u>Id.</u> at 5].

The Government's concession, however, is not the end of the inquiry. Petitioner, in his plea agreement, has waived any collateral challenge to his sentence.  The Government has declined to enforce this provision as it applies to Petitioner's <u>Simmons</u> argument.  The Court will not, *sua sponte*, enforce it.  <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005) (stating

that, where the Government expressly elects not to enforce waiver provision, the court may decline to consider it).

Because the Government has conceded a due process violation under <u>Hicks</u>, and because the waiver made in Petitioner's plea agreement as to his <u>Simmons</u> argument will not be enforced, the Court will vacate Petitioner's sentence and order he be resentenced without mandatory minimum sentence that results from the §851 enhancement.[1]

It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as to the claims that the Court has denied.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

---

[1]Because the Court has granted Petitioner relief under § 2255, the Court need not address Petitioner's alternative request for relief under 28 U.S.C. § 2241 and the writs of error *coram nobis* and *audita querela*.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1], as amended [Doc. 8] and supplemented [Doc. 15], is **GRANTED IN PART** to the extent that Petitioner's sentence is **VACATED**, and Petitioner shall be re-sentenced in accordance with this Order.   In all other respects Petitioner's conviction and Judgment remain undisturbed.

**IT IS FURTHER ORDERED** that with respect to Petitioner's other claims, the Government's Motion to Dismiss [Doc. 5] is **GRANTED**, and Petitioner's Motion to Vacate [Doc. 1], as amended [Doc. 8] and supplemented [Doc. 15], is **DENIED**.

**IT IS FURTHER ORDERED** as follows:

(1)   The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the April, 2014 sentencing term;

(2)   The Clerk of Court shall calendar this matter for that term; and

(3)   The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide notification and/or copies of this Order to the United States Attorney, counsel for the Petitioner, the United States Marshals Service, and the United States Probation Office.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to the claims here that are being denied.

**IT IS SO ORDERED.**

Signed: January 27, 2014

Martin Reidinger
United States District Judge